FILED

2010 MAY 14  PM 4: 12

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

*Name:*    Sung-Yuen Wong

*Address:* 5200 Topeka Drive
           Tarzana, CA 91356

*Phone:*   (818) 345-6274

*Email:*   sywongusa@sbcglobal.ne

In Pro Se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | ) Case No.: **CV 10 - 03673** SVW (JEMx) |
| | ) To be assigned by Court |
| | ) |
| | |
| Sung-Yuen Wong | ) DECLARATORY JUDGEMENT & |
|     Plaintiff | ) MANDAMUS FOR JURISDICTION OF |
| | ) VAN NUYS PROBATE COURT TO |
| | ) APPOINT PVP ATTORNEY HOWARD |
| | ) MYERS TO REPRESENT HELEN |
| | ) WONG WITHOUT FILED PETITION |
| | ) FOR CONSERVATORSHIP. |
| Richard Roe & Jane Roe | ) |
|     POSSIBLE DEFENDANTS | ) |

-1-

```
5/14/2010 4:16:40 PM  Receipt #: 138249
         Cashier : KPAGE [LA 1-1]
Paid by: SUNG Y. WONG
2:CV10-03673
2012-086900       5 - Civil Filing Fee(1)
Amount :                        $60.00
2:CV10-03673
2013-510000      11 - Special Fund F/F(1)
Amount :                       $190.00
2:CV10-03673
2010-086400        Filing Fee - Special(1)
Amount :                       $100.00
Credit card Payment : 5894 316189 / 350.0
0
```

**List of Exhibits**

A. Order appointing PVP attorney.

B. Hand-written note dictated over the phone.

C. Fax requesting appointment of PVP attorney.

D. Letter from Los Angeles Superior Court Presiding Judge's Office.

E. Stares Decisis: E.1 Extract of ACLU 1978 paper summary of Madonna case.

E.2 Habeas Corpus. HC 203474 filed DEC-8, 1976

E.3 Federal Court Injunction . (CIV. No. 76 3597-DWW filed
Dec. 20, 1978

## I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201. It has jurisdiction over plaintiff's state-law claims, which arise out of the same facts as his federal claim, under 28 U.S.C. § 1367(a), and to order investigation for apparent felonious acts and possible prosecution.

## II  VENUE

2. Venue in this Court is proper under 28 U.S.C. § 1391(b).

## III  PARTIES

3. Plaintiff's name is: Sung-Yuen Wong, age 86, and on behalf of wife Helen Wong, age 83, stroke recovery patient now confined against will in secret place.

Plaintiff resides at:5200 Topeka Drive,

Tarzana, California 91356.

Telephone: (818) 345-6274

4. Material Witness Dana Hopkins, Probate Court staff counsel attorney

Department 114, Room 330

Van Nuys Courthouse East

6230 Sylmar Ave.,

Van Nuys, CA 91401

5. Material witness Howard Myers, SBN 41811

Goldsmith & Hull, A.P.C.

16933 Parthenia Street

Los Angeles, California 91343

Telephone: 818-990-6600 Facsimile: 818-990-

## IV. STATEMENTS OF FACTS.

6. Exhibit A clearly showed no case number can be assigned to the PVP appointment order on the filing date of May 9, 2007. Material Witness Dana Hopkins can verify if subpoenaed.

7. Exhibit B showed hand-written note dictated over the phone at Kaiser Hospital on December 27, 2006, to prevent premature discharge of Helen to distant rehabilitation facility that Martin Spear was attorney for both Helen and Sung-Yuen Wong. Mr. Spear said he will testify that he did dictate that note if subpoenaed by Court. By probate code rules, even if there was a petition for conservatorship already file, court must ascertain if proposed conservatee already has an attorney before appointing a PVP attorney.

8. Exhibit C fax from attorney Lisa MacCarley requesting PVP attorney appointment clearly stated "intend to file" petition for conservatorship, i.e. none on the date of PVP attorney appointment order was filed. Thereby makes verification with material witness Dana Hopkins unnecessary.

9. For reference only (because unpublished) to draw corollary of the converse of case BP214680 California Appeals Court District 2, Division 3, decision written by Judge Richard D. Aldrich: Relevant parts extracted below.

.... CONTENTIONS

Allen does not challenge the amount of the PVP fee award but contends that the probate court lacked jurisdiction to order that those fees be paid from Lenabelle's estate.

-3-

## DISCUSSION

1. *The probate court was empowered to appoint a PVP attorney.*

" 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.]" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.) <u>"When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void . . . ."</u> (*Ibid.*) Clearly, that is not the case here. <u>The probate court had complete authority over the subject matter of this case because California residents filed petitions requesting their appointment as conservator for Lenabelle.</u>

10. **Corollary:** <u>The probate court had NO authority over the subject matter of this case because NO California residents filed petitions requesting their appointment as conservator for Helen Wong on the filed date of PVP attorney appointment for Helen Wong.</u>

11. Three Probate Court Judges, Probate Court Supervising Judge and Presiding Judge's Office of Superior Court (Exhibit D) all declined to rule on PVP attorney appointment was out of jurisdiction or not. Particularly the Presiding Judge has no power over appointed Court Attorney indicate the lack of administrative rules in Los Angeles Superior Court. Therefore the Federal Court is requested to rule in order to issue injunctions and habeas corpus according to stare decisis in exhibits E. Also as consequence of out of jurisdiction PVP appointment is at issue,  rights violation under color of law U.S.C. 18 §§ 241, 242 and need to involve U.S. Attorney are all under Federal jurisdiction,

### V. CAUSES OF ACTIONS

### FIRST CAUSES OF ACTIONS

12. Please the Court to rule that the Corollary of Fact 10 is correct that the Van

Nuys court has no jurisdiction to appoint PVP attorney for Helen Wong with no petition for conservatorship on file. All subsequent court decisions, trials and rulings are void. Injunction and habeas corpus to be issued according to precedents of case in Exhibit E because Helen Wong has been under involuntary confinement in secret place and our lives are fast fading away at ages 86 and 83.

## SECOND CAUSES OF ACTIONS

13. If the First Cause of Actions validates the corollary 10 that probate court has no jurisdiction of the referenced PVP appointment, an injunction is warranted to prevent Howard Myers claim that he represents Helen Wong in any law suits based on the PVP attorney appointment in Exhibit A. Further, any subsequent alteration of the filed PVP appointment with case numbers added by hand-writing of court staff should be ruled as null and void.

## THIRD CAUSES OF ACTIONS

14. Please the court rule that this case is non-frivolous so that L.R. 11-9 Sanctions do not apply. This will enable my attorney Barry Fisher, who brought case in Exhibit E.3 to District Court, to represent me in sequels of this case according to U.S.C. 42 §§ 1983, 1985, 1988 and U.S. Attorney participation at Court direction to prosecute under U.S.C. 18 §§ 241, 242. Urgent action may allow this case be included in GAO report to Senate Special Committee on Aging regarding Elder Abuse by Probate Courts, as precedent to establish path currently do not exist from civil to criminal prosecution for elder abuse using probate courts.

## VI. REQUEST FOR RELIEF

WHEREAS, the plaintiff requests:

1. Habeas corpus to immediately free Helen Wong from any conservatorship or confinement thereof that was represented by Howard Myers alleging himself as legal representative of Helen Wong.

2. Injunction for Superior Court Probate and Family Courts to impose any conservatorship over Helen Wong based on Howard Myers being her legal representative.

////

3. Instruct FBI to investigate and U.S. Attorney to prosecute for damages caused by Probate Court rulings assuming Howard Myers was legal representative for Helen Wong, according to U.S.C. 18 §§ 241, 242. Helen was tried without legal representation.

////

Dated: <u>May 14, 2010</u>          SIGNED *Sung-Yuen Wong*

Sung-Yuen Wong

GOLDSMITH & HULL APC

PAGE  01/01

FOR COURT USE ONLY

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 0 9 2007

JOHN A. CLARKE CLERK

BY R VILLAGOMEZ DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| Conservatorship of the Person & Estate of: | PROBATE CASE NUMBER |
|---|---|
| *Helen Wong* | *To be ascribed* |
| | ORDER APPOINTING COUNSEL |

The Court on its own motion appoints *Jared Myers* to act as Counsel for *Helen Wong* the Conservatee / Proposed Conservatee.

Pursuant to Civil Code Section 56.10(b)(1) and HIPAA Regulation 45CFR Section 164.512(e)(1)(i), the Court orders that counsel appointed herein shall have access to and authority to review and copy the medical records of *Helen Wong* the Conservatee / Proposed Conservatee, without his/her consent.

Attorney fees, if any, will be determined by the Court at the time of hearing.

Date: MAY 0 9 2007 _____    _____ , Judge
Michael R. Hoff

818 990.6140

ORDER APPOINTING COUNSEL

**EXHIBIT A**

I am Sung Y. Wong, husband
of Helen A. Wong, a patient Kaiser
Hospital, Woodland hills, rm #3350,

My wife Helen had suffered a
stroke cannot write.

Martin J. Spear is attorney for
Helen & me.

I hereby authorize Kaiser
Hospital orally and in writing
to communicate with Mr. Spear.

Further, I authorize you to provide
to with Mr. Spear all medical records,
diagnosis and prognosis regarding
Helen A. Wong regarding her present
hospitalization, discharge to another
facilities.

Sung Y. Wong   Dec 27, 2006

P's Spear: 213-617-6535

**EXHIBIT B**

**Lisa MacCarley**
**Attorney at Law**
**3436 N. Verdugo Road, Suite 100**
**Glendale, California 91208**

**Telephone**
**(818) 249-1200**

**Facsimile**
**(818) 249-1238**

TO:   Dana Hopkins
      Van Nuys Probate Department

FAX NO.:   818.902-2451

FROM:   Lisa MacCarley

DATE:   May 8, 2007

NO. OF PAGES, INCLUDING COVER PAGE: 10

Conservatorship of Helen Wong
New Conservatorship

Dear Dana:

It is my hope that I can file paperwork on Thursday, and have ex parte hearing on Friday...but any date will work, even next Thursday.

This situation has become critical because a neighbor has called APS because Mr. Wong refuses to have caregivers for his wife and dropped her - causing the paramedics to be called to assist. This has apparently happened on two occasions.

Please assign a PVP and I will coordinate the hearing and transmit paperwork to him or her.

*Thanks,*
Lisa

This message and the following documents are intended only for the use of the individual or entity to which they are addressed. They may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at (818) 249-1200 and we will immediately arrange to have the materials picked up at no expense to you. Thank you.

**EXHIBIT C**



# The Superior Court

LOS ANGELES, CALIFORNIA 90012

CHAMBERS OF

LEE SMALLEY EDMON

ASSISTANT PRESIDING JUDGE

TELEPHONE
(213) 974-5550

April 19, 2010

Sung-Yuen Wong
5200 Topeka Drive
Tarzana, California 91356

Re:   Your Letter Dated April 12, 2010

Dear Mr. Wong:

Presiding Judge Charles W. McCoy, Jr., asked me to respond to your letter dated April 12, 2010.

The Presiding Judge's Office lacks jurisdiction to investigate an appointed probate attorney.   If you would like your position to be heard and considered in a particular case, you should follow the appropriate procedures for filing documents with the Court, including service of any documents on the named parties.

This office can be of no further assistance.  No further action will be taken, and I am ordering your complaint closed.

Very truly yours,

*Lee Smalley Edmon*
Assistant Presiding Judge

LSE:psd

**EXHIBIT D**

Extract of ACLU Report <http://bernie.cncfamily.com/acm/aclu1.htm>
**Deprogramming and the Law, Anne Prichard, January 1978**
*Comments in Itallic*
II. Abduction Under Color of State Law
A. Use of Conservatorship Law

To lend color of law to what would otherwise be <u>unadorned abduction</u>, a <u>standardized method has been devised</u> whereby a parent hires a lawyer to obtain a temporary guardianship or conservatorship over the adult child.

Historically, guardianship or conservatorship proceeding have been readily obtained. <u>The standards have been loose</u>. These proceedings were perceived as <u>beneficial to the subjects of the proceeding. Safeguards were neglected.</u> A provision in the California law which expired this summer, similar to provisions in the laws of other states, allowed a <u>thirty-day conservatorship for a person who "by reason of old age, disease, weakness of mind, or other cause, is unable, unassisted, properly to manage and take care of himself, of his property and is likely to be deceived or imposed upon by artful or designing persons."</u> This standard <u>could not withstand constitutional attack if it were part of the penal law designed to deprive a person of liberty.</u> Even so, it was embodied in the state law used most frequently during the past year to obtain custody for reason of religious affiliation. In this context, the law is an application of the <u>parens patriae doctrine</u> under <u>which the state becomes, in effect, a substitute parent. It was used most often to deal with elderly people in "second childhood."</u>

### 3. Madonna Slavin Walford

Madonna Slavin Walford, a Hare Krishna devotee, was kidnapped and held for six days of mental and physical assault by deprogrammers hired by her parents. One of her deprogrammers told her, "I know enough about brainwashing that I can break you if I want to."

*Los Angeles Superior Court Judge Harry Hupp said, in refusing to dismiss the writ of habeas corpus (HC 203474 filed DEC-8, 1976 by attorney Barry A. Fisher)* <u>served on Ms. Walford's father, "No one has the right to keep on in custody against one's will. A person's freedom is not to be tampered with, even if you disagree with a particular lifestyle."</u>

After the habeas corpus proceedings, Ms. Walford requested and was granted a temporary restraining order forbidding eighteen defendants from seizing her again under the California conservatorship law. **This restraining order, issue in February 1977, is <u>the first time a federal court issued an injunction against a conservatorship</u>.** *(CIV. No. 76 3597-DWW filed Dec. 20, 1978). Permanent restraining order case by Judge David W. Williams. Ms. Walford has filed criminal charges and a $2.5 million civil suit against her abductors. Settlement undisclosed Jan. 8, 1979.*

EXHIBIT E1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. 88                    HON. HARRY L. HUPP, JUDGE


IN THE MATTER OF THE                    )
APPLICATION OF MADONNA SLAVIN           )         No. HC 203474
                                        )


REPORTER'S TRANSCRIPT

Friday, October 29, 1976


APPEARANCES:

For the Plaintiffs:          FLEISHMAN, BROWN, WESTON & ROHDE
                             By:   BARRY A. FISHER
                             433 North Camden Drive
                             Suite 900
                             Beverly Hills, California 90210
                             [213] 550-7460

For the Defendants:          MODJESKI AND ASPELL
                             By:   DENNIS C. MODJESKI
                                   HERB ASPELL
                             110 North Del Mar Avenue
                             San Gabriel, California 91775
                             [213] 285-7128

                             3/6/78

                             Ret EX 2


COPY

FLORINE BABAJIAN, CSR No. 1691
Official Reporter

7.

EXHIBIT E2

1       Q    At that time did you give a statement?

2       A    Yes, I did.

3       Q    Now, keep in mind the statement that you gave

4 last night, and the statement that you gave in Napa County.

5 Do those statements in any way differ from what you have

6 *recounted to the court today?*

7       A   No.

8 THE COURT:  Mr. Fisher, there have been no suggestions

9 that they do.  I don't think you need to get into *rehabilita-*

10 *tion.*

11 MR. FISHER:  Well, I think there was an attempt, an

12 implication.

13       I have no further questions.

14 THE COURT:  Anything further, Mr. Modjeski?

15 MR. MODJESKI:  I have nothing further, Your Honor.

16 THE COURT:  Thank you, Miss Slavin, you may step down.

17       Counsel, will there be any further evidence in

18 this case?

19 MR. MODJESKI:  No further evidence, Your Honor.

20 THE COURT:  Mr. Fisher.

21 MR. FISHER:  No, Your Honor.

22 THE COURT:  All right, judgment will be the court will

23 find that the applicant, Madonna Slavin, was detained against

24 her will and without legal justification.  Judgment will be

25 that she be released from detention.

26       I will ask you to prepare the judgment, and if

27 findings are going to be necessary, Mr. Fisher, prepare

28 findings.

*38.*

1      It is obvious that what has happened here is

2   that a family with concern with a family member who has not

3   *chosen* to live her life in accordance with their standard,

4   with, as Mr. Modjeski probably brought out, with sincere

5   concern taking an illegal action in order to attempt to

6   correct what they thought was an unfortunate judgment on the

7   part of Miss Slavin.

8      The law obviously can't and doesn't recognize

9   that.  An adult has the right to live his or her life as the

10   adult chooses, assuming sound mind, assuming living within

11   the law.  And while we might all sympathize with somebody

12   whose own standards have not been accepted, the law cannot

13   accept that forcible detention is a way of persuasion, a

14   legitimate way of persuasion to the contrary, and does not

15   accept that.

16      Miss Slavin, you are discharged from any restraint

17   you are under by virtue of your family's restraint of you.

18   You are free, of course, to leave the courtroom without

19   restraint.

20      We are in recess.

21   MS. SLAVIN:  Thank you, Your Honor.

22      (Proceedings were concluded.)

23      - - -

24

25

26

27

28

39

1  SLAVIN, JR., JOHN B. SLAVIN, DOLLY SLAVIN, JOHN LYNCH, BETTY LYNCH,

2  CINDY FALEY, FRED CLARK, and DONNA CLARK; RELEASE OF DEFENDANTS

3  BY EDWARD WALFORD submitted herein is approved as being fair,

4  adequate, and reasonable.

5

6      2.  The Defendants above named are permanently enjoined

7  from aiding or participating in taking, restraining, confining or

8  holding MADONNA WALFORD or any other devotee of the INTERNATIONAL

9  SOCIETY FOR KRISHNA CONSCIOUSNESS against his or her will.  The

10 *Defendants above named are permanently enjoined from aiding or*

11 participating in any application to any Court seeking a

12 conservatorship or guardianship over MADONNA WALFORD while she

13 *is actively associated with the INTERNATIONAL SOCIETY FOR KRISHNA*

14 CONSCIOUSNESS.

15

16     3.  The Court reserves jurisdiction over the Defendants

17 above named for the purpose of enforcing paragraph 2 of this

18 Order, and for the further limited purpose of enforcing the terms

19 of the stipulation referred to in paragraph 1 of this Order.

20

21     4.  A copy of this Order shall be served by the Plaintiff

22 on each of the Defendants above named, and proof of such service

23 shall be filed with the Court prior to any application by the

24 Plaintiffs to the Court for enforcement of any of the provisions

25 ////

26 ////

27 ////

28 ////

2.

of this Order.

DATED: ___12/19/78___

IT IS SO ORDERED

DAVID W. WILLIAMS

UNITED STATES DISTRICT JUDGE

3.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)

*Sung Yuen Wong*

**DEFENDANTS**

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*Rule on Probate Court Jurisdiction*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10-03673

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☐ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☐ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:*   *Los Angeles* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:*   *L.A.*   *Richard Roe* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
       **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:*   *L.A* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Sarey Yuen Wong*   Date *May 14, 2010*

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 3673 SVW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.