FILED

*Nane:*   Sung- Yuen Wong, with
         Spouse Helen Wong
         5200 Topeka Drive
         Tarzana, CA 91356-3923

2010 OCT -1 PM 4: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

*Phatw:*   (818) 345-6274
*Email:*   sywongusa@sbcqlobaLnet
In Pro Se

BY _____

# UNITED STATES DISTTRICT COURT
## CENTRICT DISTRICT COURT OF CALIFORNIA

) Case No. 2:10-cv-~~03763~~-SVW(JEM*x*)
) Related case: LASC LP 012785

3673

| | |
|---|---|
| Sung-Yuen (Sy) Wong, with Spouse Helen Wong, victims of Elder Abuse using probate court. | ) AMMENDED MOTION for RULINGS |
| | ) (1) COURT JURISDICTION TO |
| | ) APPOINT PVP ATTORNEY |
| Plaintiffs | ) WITHOUT CASE ON FILE. |
| Vs. | ) (2) IF U.S. CODE ORGANIC LAWS |
| Dennis Hopkins, Court attorney; | ) & AMENDMENT 9 VALIDATE |
| Defendant (Motion 1 only) | ) RIGHTS TO PROPERTY AND |
| (amended from witness to | ) PURSUIT OF HAPPINESS TO STAY |
| defendant per court order) | ) MARRIED ARE UNALIENABLE BY |
| | ) PROBATE COURTS. |
| | ) (3) CONSEQUENT RULINGS |

Date: 11-1-2010
Time: 1:30 pm
CRT: 6

## CAUSES NOT TO DISMISS

1. Defendant added and served per court order of September 17, 2010.

-1-

2. Determination of legal rights and court jurisdiction as preliminary of rights violation under color of law in related case of LP 012785.

**List of Exhibitions**

A. Order appointing PVP attorney.

B. Hand-written note dictated over the phone.

C. Fax requesting appointment of PVP attorney.

D. Letter from Los Angeles Superior Court Presiding Judge's Office.

E. Precedents: E.1 Extract ACLU 1978 paper summary of Madonna case.

E.2 Habeas Corpus, HC 203474 filed Dec-8, 1976.

E.3 Federal Court Injunction. (CIV. No. 76 3597-DWW) filed Dec. 20, 1978.

F. Visitation Restrictions.

G. *Police Involvements, cards & comment to file elder abuse restraining order.*

**References**

1. May 25, 2010 ... Testimony of Latifa Ring on HR 3040 Judicial Subcommittee on Crime, Terrorism and Hom and police recommendations to file elder abuse report.eland Security. May 25, 2010 ...
<judiciary.house.gov/hearings/pdf/Ring100525.pdf>
Probate court elder abuse is national problem.

2. FBI Web on Color of Law <http://www.fbi.gov/hq/cid/civilrights/color.htm>

3. <uscode.house.gov> Organic Laws, Declaration of Independence 1776.

4. Undue Influence and Written Documents: Psychological Aspects
<http://www.icsahome.com/infoserv_articles/singer_margaret_undueinfluencewrittendocs.htm>

Margaret Thaler Singer, Ph.D.

Abstract

Experts investigating a purported undue influence situation need to study the mental and physical condition of the influence, general social influence techniques, tactics of thought reform, and responses and behavior found in other high-control, intense influence situations ranging from the **Stockholm syndrome** to abused women and the methods of corrupt caretakers. The case of the "evil nurse" is discussed to illustrate these factors. In addition the following conditions of influence are

discussed in their relationship to undue influence: isolation, creating a siege mentality, dependency, sense of powerlessness, sense of fear and vulnerability, and being kept unaware.

## **SYNOPSIS OF EVENTS**

1. Van Nuys Probate Court violated the probate codes in forcing unnecessary and unwaned conservatorship on my stroke victim wife, Helen Wong. She had been kept away from home with little or no visitation rights since end of May, 2007. Last two years in place secret from me under false elder restraining order. All was made possible by first order a PVP attorney for Helen knowing there was no case filed for conservatorship. This is the tree that bears poisonous fruit because the PVP appointed also disregarded the laws in aiding unnecessary and unwanted conservatorship. Reference 1 witness report at House hearing showed it is a nationwide scourge. This is the result of conflicting requirements to make conservatorship easy and cheap to secure for the elderly without means and need public help and also to prevent abuse. California legislature added safeguards which are quite good except it is solving the wrong problem because courts are free to ignore the code safeguards as in our case.

2. We are pleading with this Federal Court because we have been milked dry with our life saving turned into deep debt soon will not be able to borrow anymore. The probate court under three judges had never considered our economic plights but rubber stamped order to pay fees for service to force de facto divorce on us. It is a situation I have devoted the last years of my life to right the wrongs if my wife and I can be set free to free my time in fighting for our freedom. I believe I know the real problem because earlier my sister in San Antonio was also similarly snatched away using probate court. Both via friendly court attorneys that can be freely approached.

3. I have named court attorney Dana Hopkins not even sure he is the culprit or victim of undue influence like our loving daughter turned into monster seeking legal separation of her parents. Ref. 4 indicate undue influence or brain washing

-3-

1     really happens. Mao Tse Tong surely knew the subject. Patty Hearst was the

2     best example of Stockholm Syndrome. I hope the Court if have Hopkins in

3     court, please take the approach more as fact finding than fault finding.

4.   I cannot forgive Judge Frank Johnson who during trial for personal

5     conservatorship in cutting off my past attorney Dennis Palmieri in cross

6     examination of the alleged PVP attorney "this trial is not about Constitutional

7     Rights but whether Helen needs a conservator." Even a layman like me know

8     no judge can ignore the Constitution.

5.   My filing with this court is to obtain a ruling no judge in Los Angeles Superior

10     Coourt will rule, the jurisdiction to appoint PVP attorney without a case on file

11     and also all three judge and court legal counsel ignored the glaring procedural

12     violation which is publicly on Court web case summary.  The very first two

13     items are: **05/17/2007** Appt Conservator of P & E, Filed by Petitioner

14           **05/09/2007** Order-Appointing PVP Atty, Filed by Court

6.   This Court can dispense swift justice by invoking the precedent in Exhibit E.3

16     the District Court injunction of 1977/8 or remand to current probate court Judge

17     James Steele to repair error by calling his attention to just the first two items in

18     court case summary. Then I would not be able to defend if he choose to retry.

7.   Actions fit Model Penal Code 212.1 definition for kidnapping. "Kidnapping

20     occurs when any person is unlawfully and non-consensually asported and held

21     for certain purposes. These purposes include gaining a ransom or reward; …"

22     Except it is under color of law. U.S. Code both Penal and Civil cover

23     kidnapping under color of law. The problem is despite of the bold words in FBI

24     web in Ref. 2, the standard response is "it is a civil matter."  Perhaps the Court

25     can use gentle persuasion for FBI to investigate. That will be the solution to free

26     all probate court victims. I can certainly use that to seek damage in San Antonio

8.   This filing pro se is not out of choice. If the Court by looking at this amended

28     filing that I should really be represented by attorney, please consider if the

-4-

Court has authority to order or forceful persuasion my attorney Barry Fisher to represent me in this Court also. He is busy defending me in State Courts against incessant legal abuse and attacks by attorney Lisa MacCarley including seeking our legal separation, to represent me in Federal Court. If the Court would first declare the doctrine of abstention does not apply in view of Exhibits D is evidence that Superior Court level just will not rule on this question of court jurisdiction. He is the same Barry Fisher that ACLU considered setting precedent for Federal injunction to set Madonna Slavin free 33 years ago in this same District Court. Now he is afraid that he will be sanctioned under abstention doctrine not present 33 years ago.

9. If the Court decide that probate court does have special authority to deprive Constitutional rights and disregard the probate codes, then there is no need to proceed further.

10. If the Court decide that the PVP attorney appointment was out of jurisdiction, then opportunity by freeing my wife and I from this particular probate court by establish a precedent. If the Court has the authority to request criminal investigative agency to enforce the laws on the book to investigate and prosecute to the fullest extent to set a precedent for the rest of the country to follow. LAPD was used to asporte my wife from peacefully sleeping in bed Oct. 2, 2008. But

11. First the Court must decide if we do have legal rights according to the Declaration of Independence the right to pursue happiness which several attorneys had told me that was no legal right.

12. If the decision is probate court has no judicial discretion to disregard probate code requirements that deprived Helen her rights and mine collaterally by appointing an attorney not her own choice, a subsequent motion to either rule that all trials of Helen for person and estate are void. We move the Court to issue injunction according to precedent set in 1977 in Exhibit E.3

## MOTION 1.

To rule that because Declaration of Independence is in U.S. Code Organic Laws, it is a law. Combined with Amendment 9 that makes it Constitutional Rights at least in special cases of right to pursue happiness wanting to stay married and to stay with sibling during last year of life as in my sister's case. The judge in San Antonio repeatedly stated his intention to send her to California but his court counsel openly repudiated him by stating "should not let her leave Texas Jurisdiction." That is proof the probate courts are controlled by court attorneys, the real power behind the throne. **MOTION S1.1** to request HHS-OCR to prosecute for HIPAA violation, or DA to prosecute rights violation or U.S. Attorney to prosecute for Deprivation of Rights under Color of Law and repair damages but set us free first.

## MOTION 2.

To rule on jurisdiction of probate court to appoint PVP attorney by disregarding the probate code with no conservatorship case on file. If the Court does rule that probate court was proper in that PVP appointment. End of case in this Court.

If rule is no jurisdiction, then **MOTION S2.1** is to issue injunction and habeas corpus to free my wife and I back to freedom until final court actions. **MOTION S2.2** is to recommend either LAPD, DA or FBI to investigate and pave the way to change venue to criminal courts where jury is routine so as to establish precedent to free other victims also. Prosecutor can demand both penal code and civil code remedies to make us whole again. Punitive damages could warn future would-be elder kidnappers using probate courts. LAPD will not investigate the role of officers used as pawns to remove my wife from home.

## REQUEST FOR RELIEF

This Court has reputation of swift decisions and rulings. Please hurry because we count our remaining life in days at this stage of game.

Date: October 1, 2010                 Signed   *Sung Yuen Wong*

                                                Sung-Yuen Wong

GOLDSMITH & HULL APC                                    PAGE  01/01

FOR COURT USE ONLY  **FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 9 2007

JOHN A. CLARKE, CLERK

BY R. VASQUEZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| Conservatorship of the Person & Estate of: *Helen Wong* | PROBATE CASE NUMBER *To be assigned* |
|---|---|
| | **ORDER APPOINTING COUNSEL** |

The Court on its own motion appoints _Conrad Myers_ to act as Counsel for _Helen Wong_, the Conservatee / Proposed Conservatee.

Pursuant to Civil Code Section 56.10(b)(1) and HIPAA Regulation 45CFR Section 164.512(e)(1)(i), the Court orders that counsel appointed herein shall have access to and authority to review and copy the medical records of _Helen Wong_ the Conservatee / Proposed Conservatee, without his/her consent.

Attorney fees, if any, will be determined by the Court at the time of hearing.

Date: **MAY 0 9 2007**

_____ Michael R. Hoff , Judge

8/P 990.6140

ORDER APPOINTING COUNSEL

**EXHIBIT A**

I am Sang Y. Wong, husband
of Helen A. Wong, a patient Kaiser
Hospital, Woodland hills, rm #3310,
My wife Helen had suffered a
stroke cannot write.

Martin J. Spear is attorney for
Helen & me.

I hereby authorize Kaiser
Hospital orally and in writing
to communicate with Mr. Spear.

Further, I authorize you to provide
to ~~both~~ Mr. Spear all medical records,
diagnosis and prognosis regarding
Helen A. Wong regarding her present
hospitalization, discharge to another
facilities.

Sang Y. Wong  Dec 27, 2006

PS Spear: 213-617-6135

**EXHIBIT B**

*Lisa MacCarley*
*Attorney at Law*
*3436 N. Verdugo Road, Suite 100*
*Glendale, California 91208*

*Telephone*
**(818) 249-1200**

*Facsimile*
**(818) 249-1238**

TO:      Dana Hopkins
         Van Nuys Probate Department

FAX NO.: 818.902-2451

FROM:    Lisa MacCarley

DATE:    May 8, 2007

NO. OF PAGES, INCLUDING COVER PAGE: 10

         Conservatorship of Helen Wong
         New Conservatorship

Dear Dana:

     It is my hope that I can file paperwork on Thursday, and
have ex parte hearing on *Friday...but any date will work, even*
next Thursday.

     This situation has become critical because a neighbor has
called APS because Mr. Wong refuses to have caregivers for his
wife and dropped her - causing the paramedics to be called to
*assist. This has apparently* happened on two occasions.

     Please assign a PVP and I will coordinate the hearing and
transmit paperwork to him or her.

*Thanks,*
Lisa

This message and the following documents are intended only for the use of the
individual or entity to which they are addressed. They may contain
information that is privileged, confidential, and exempt from disclosure under
applicable law. *If the reader of this message is not the intended recipient,*
any dissemination, distribution or copying of this communication is strictly
prohibited. If you have received this communication in error, please notify us
immediately at (818) 249-1200 and we will immediately arrange to have the
materials picked up at no expense to you. Thank you.

**EXHIBIT C**



# The Superior Court
### LOS ANGELES, CALIFORNIA 90012
#### CHAMBERS OF
#### LEE SMALLEY EDMON
#### ASSISTANT PRESIDING JUDGE

TELEPHONE
(213) 974-5550

April 19, 2010

Sung-Yuen Wong
5200 Topeka Drive
Tarzana, California 91356

Re:   Your Letter Dated April 12, 2010

Dear Mr. Wong:

Presiding Judge Charles W. McCoy, Jr., asked me to respond to your letter dated April 12, 2010.

The Presiding Judge's Office lacks jurisdiction to investigate an appointed probate attorney.   If you would like your position to be heard and considered in a particular case, you should follow the appropriate procedures for filing documents with the Court, including service of any documents on the named parties.

This office can be of no further assistance.  No further action will be taken, and I am ordering your complaint closed.

Very truly yours,

*Lee Smalley Edmon*
Lee Smalley Edmon
Assistant Presiding Judge

LSE:psd

### EXHIBIT D

Extract of ACLU Report <http://bernie.cncfamily.com/scm/aclu1.htm>
Deprogramming and the Law, Anne Prichard, January 1978
*Comments in Italic*
II. Abduction Under Color of State Law
A. Use of Conservatorship Law

To lend color of law to what would otherwise be unadorned abduction, a standardized method has been devised whereby a parent hires a lawyer to obtain a temporary guardianship or conservatorship over the adult child.

Historically, guardianship or conservatorship proceeding have been readily obtained. The standards have been loose. These proceedings were perceived as beneficial to the subjects of the proceeding. Safeguards were neglected. A provision in the California law which expired this summer, similar to provisions in the laws of other states, allowed a thirty-day conservatorship for a person who "by reason of old age, disease, weakness of mind, or other cause, is unable, unassisted, properly to manage and take care of himself, of his property and is likely to be deceived or imposed upon by artful or designing persons." This standard could not withstand constitutional attack if it were part of the penal law designed to deprive a person of liberty. Even so, it was embodied in the state law used most frequently during the past year to obtain custody for reason of religious affiliation. In this context, the law is an application of the parens patriae doctrine under which the state becomes, in effect, a substitute parent. It was used most often to deal with elderly people in "second childhood."

3. Madonna Slavin Walford

Madonna Slavin Walford, a Hare Krishna devotee, was kidnapped and held for six days of mental and physical assault by deprogrammers hired by her parents. One of her deprogrammers told her, "I know enough about brainwashing that I can break you if I want to."

*Los Angeles Superior Court Judge Harry Hupp said, in refusing to dismiss the writ of habeas corpus (HC 203474 filed DEC-8, 1976 by attorney Barry A. Fisher)* served on Ms. Walford's father, "No one has the right to keep on in custody against one's will. A person's freedom is not to be tampered with, even if you disagree with a particular lifestyle."

After the habeas corpus proceedings, Ms. Walford requested and was granted a temporary restraining order forbidding eighteen defendants from seizing her again under the California conservatorship law. This restraining order, issue in February 1977, is the first time a federal court issued an injunction against a conservatorship. *(CIV. No. 76 3597-DWW filed Dec. 20, 1978). Permanent restraining order case by Judge David W. Williams. Ms. Walford has filed criminal charges and a $2.5 million civil suit against her abductors. Settlement undisclosed Jan. 8, 1979.*

EXHIBIT E1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. 88                    HON. HARRY L. HUPP, JUDGE

IN THE MATTER OF THE                )
APPLICATION OF MADONNA SLAVIN       )       No. HC 203474
                                    )

REPORTER'S TRANSCRIPT

Friday, October 29, 1976

APPEARANCES:

For the Plaintiffs:        FLEISHMAN, BROWN, WESTON & ROHDE
                           By:  BARRY A. FISHER
                           433 North Camden Drive
                           Suite 900
                           Beverly Hills, California 90210
                           [213] 550-7460

For the Defendants:        MODJESKI AND ASPELL
                           By:  DENNIS C. MODJESKI
                                HERB ASPELL
                           110 North Del Mar Avenue
                           San Gabriel, California 91775
                           [213] 285-7128

                                    3/6/78
                                    Ret EX 2

COPY

                           FLORINE BABAJIAN, CSR No. 1691
                           Official Reporter

7.

EXHIBIT E2

1    Q    At that time did you give a statement?

2    A    Yes, I did.

3    Q    Now, keep in mind the statement that you gave

4    last night, and the statement that you gave in Napa County.

5    Do those statements in any way differ from what you have

6    recounted to the court today?

7    A    No.

8    THE COURT: Mr. Fisher, there have been no suggestions

9    that they do. I don't think you need to get into rehabilita-

10   tion.

11   MR. FISHER: Well, I think there was an attempt, an

12   implication.

13        I have no further questions.

14   THE COURT: Anything further, Mr. Modjeski?

15   MR. MODJESKI: I have nothing further, Your Honor.

16   THE COURT: Thank you, Miss Slavin, you may step down.

17        Counsel, will there be any further evidence in

18   this case?

19   MR. MODJESKI: No further evidence, Your Honor.

20   THE COURT: Mr. Fisher.

21   MR. FISHER: No, Your Honor.

22   THE COURT: All right, judgment will be the court will

23   find that the applicant, Madonna Slavin, was detained against

24   her will and without legal justification. Judgment will be

25   that she be released from detention.

26        I will ask you to prepare the judgment, and if

27   findings are going to be necessary, Mr. Fisher, prepare

28   findings.

                          38.

1    It is obvious that what has happened here is

2    that a family with concern with a family member who has not

3    *chosen* to live her life in accordance with their standard,

4    with, as Mr. Modjeski probably brought out, with sincere

5    concern taking an illegal action in order to attempt to

6    correct what they thought was an unfortunate judgment on the

7    part of Miss Slavin.

8    The law obviously can't and doesn't recognize

9    that.  An adult has the right to live his or her life as the

10   adult chooses, assuming sound mind, assuming living within

11   the law.  And while we might all sympathize with somebody

12   whose own standards have not been accepted, the law cannot

13   accept that forcible detention is a way of persuasion, a

14   legitimate way of persuasion to the contrary, and does not

15   accept that.

16   Miss Slavin, you are discharged from any restraint

17   you are under by virtue of your family's restraint of you.

18   You are free, of course, to leave the courtroom without

19   restraint.

20   We are in recess.

21   MS. SLAVIN:  Thank you, Your Honor.

22   (Proceedings were concluded.)

23   - - -

24

25

26

27

28

39

RICHARD B. HAUSER
A member of the

(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES OF
HAUSER AND SPILKER
Two Century Plaza - Suite 1200
2049 Century Park East
LOS ANGELES, CALIFORNIA 90067
(213) 553-2461

Attorneys for Defendants CHARLES HOWARD
HUGHES, COLEEN HUGHES, WALTER SLAVIN, SR.,
ANNAMAE SLAVIN, and TERRANCE SLAVIN

**FILED**

DEC 20 1978

CLERK, U. S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

**ENTERED**

DEC 2  1978

CLERK, U. S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADONNA WALFORD, and INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC., a California corporation, on behalf of itself and its membership, | CIV. No. 76 3597-DWW |
| Plaintiffs, | COURT ORDER |
| vs. | |
| CHARLES HOWARD HUGHES, COLEEN HUGHES, ILENE I. ROTHSTEIN, DONNA GRIEVING, TED PATRICK, SANDRA SACHS, B. SWEENY, INDIVIDUAL FREEDOM FOUNDATION, INC., BENJAMIN ROESHMAN, SAMUEL LIEBERMAN, WALTER SLAVIN, SR., ANNAMAE SLAVIN, GERARD SLAVIN, TERRANCE SLAVIN, WALTER SLAVIN, JR., JOHN B. SLAVIN, DOLLY SLAVIN, JOHN LYNCH, BETTY LYNCH, CINDY FALEY, FRED CLARK, and DONNA CLARK, | |
| Defendants. | |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The STIPULATION RE SETTLEMENT BETWEEN PLAINTIFFS,

AND DEFENDANTS CHARLES HOWARD HUGHES, COLEEN HUGHES, WALTER SLAVIN

SR., ANNAMAE SLAVIN, GERARD SLAVIN, TERRANCE SLAVIN, WALTER

**EXHIBIT E3**

1  SLAVIN, JR., JOHN B. SLAVIN, DOLLY SLAVIN, JOHN LYNCH, BETTY LYNCH,

2  CINDY PALEY, FRED CLARK, and DONNA CLARK; RELEASE OF DEFENDANTS

3  BY EDWARD WALFORD submitted herein is approved as being fair,

4  adequate, and reasonable.

5

6      2.   The Defendants above named are permanently enjoined

7  from aiding or participating in taking, restraining, confining or

8  holding MADONNA WALFORD or any other devotee of the INTERNATIONAL

9  SOCIETY FOR KRISHNA CONSCIOUSNESS against his or her will.  The

10  Defendants above named are permanently enjoined from aiding or

11  participating in any application to any Court seeking a

12  conservatorship or guardianship over MADONNA WALFORD while she

13  is actively associated with the INTERNATIONAL SOCIETY FOR KRISHNA

14  CONSCIOUSNESS.

15

16      3.   The Court reserves jurisdiction over the Defendants

17  above named for the purpose of enforcing paragraph 2 of this

18  Order, and for the further limited purpose of enforcing the terms

19  of the stipulation referred to in paragraph 1 of this Order.

20

21      4.   A copy of this Order shall be served by the Plaintiff

22  on each of the Defendants above named, and proof of such service

23  shall be filed with the Court prior to any application by the

24  Plaintiffs to the Court for enforcement of any of the provisions

25  ////

26  ////

27  ////

28  ////

2.

1  of this Order.

2

3

4  DATED: _12/19/78_____

IT IS SO ORDERED

DAVID W. WILLIAMS

UNITED STATES DISTRICT JUDGE

3.

| CONSERVATORSHIP OF HELEN WONG | CASE NUMBER: |
|---|---|

## ATTACHMENT 3 to PETITION FOR APPOINTMENT OF TEMPORARY GUARDIAN OR CONSERVATOR

Mrs. Wong suffered a stroke, is paralyzed on her right side, and cannot speak. She has diabetes and high blood pressure.  She is dependent on others for all of her needs of daily living.

Mrs. Wong is presently "being cared for" by her husband, who is also elderly, ← TRUE
has a failing memory, and suffers from seizures.  Mr. Wong does not understand ← the hygiene and diabetic management care that his wife requires, however, he refuses to have a caregiver in the residence.   LIE

As a result, Adult Protective Services has been informed that there is a possibility that Mrs. Wong is being neglected.  On at least one occasion, Mr. Wong has "dropped" Mrs. Wong and the paramedics were called to assist them.

Petitioner understands that her father is not able to properly care for her mother and knows it is time to take action to work with her parents to provide the proper care for her mother and to ensure that APS does not get invovled.

LIES

LIES

2/1/08

In response today to the incident where Sy Wong called the police to Flair Manor I, Eileen Wong is instituting a moratorium on his visits, in order to restore calm to Flair Manor I operations and its residents.

Sy Wong is not permitted to call, enter, or loiter on Flair Manor I grounds for at least the next week. At the end of this period, Eileen will inform him of his visitation status.

Eileen Wong

TEMPORARY CONSERVATOR FOR HELEN WONG

RESTR  I

To:    Gloria Bagon, Administrator
        Flair Manor I
        5811 Capistrano Avenue
        Woodland Hills, CA 91367

**Re:  Visitation Policy for Helen Wong**

The following policy has been established for visitors to Helen Wong, who currently resides at Flair Manor I. This policy is effective immediately.

1) Adherence to Flair Manor posted visiting hours.

2) Mandatory sign-in and sign-out.

3) No closed-door visits unless accompanied in the room by a Flair Manor caregiver or administrator, by Eileen, or by another third-party preapproved by Eileen.

4) No visitor may give food, drink, medications, or dietary supplements to Helen.

5) No visitor may remove Helen from the premises unless prearranged with Eileen at least 24 hours in advance, including approved escort and means of transportation.

*Flair Manor is authorized to contact Eileen for any issues that arise during visits to Helen, and to act on her verbal orders.*

*Eileen Wong*
Eileen Wong
Temporary Conservator of Helen Wong

c: Lisa MacCarley

07/26/07

To all staff of FM I,

Pls. follow orders written above. Call one for any questions if there are problems.

Thanks,

Version 1.0
Last Update: 7/28/07

Given to Sy Wong 1/15/08 By FM I staff

RESTRICT 2

1   LISA MacCARLEY, SBN 164458
    ROSEANN DeROSA, SBN 239969
2   LAW OFFICE OF LISA MacCARLEY
    3436 North Verdugo Road, Suite 100
3   Glendale, California 91208
    Telephone: (818) 249-1200
4   Facsimile: (818) 249-1238

5   Attorneys for EILEEN WONG, Temporary Conservator of the Person

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10

11  In Re  The Conservatorship of the Person)   CASE NUMBER LP 012 785
    of                                      )
12                                          )   ORDER DENYING  SUNG YEUN
                                            )   WONG'S MOTION SEEKING
13      HELEN WONG,                         )   RELIEF FROM BEING DENIED
                                            )   UNFETTERED ACCESS WITH
14                      Conservatee         )   HELEN WONG AND ORDER FOR
                                            )   VISITATION OUTSIDE OF FLAIR
15                                          )   MANOR

16                                              Date: November 15, 2007
                                                Time: 8 30 a.m.
17                                              Dept: NE"A"

18      The motion of Objector SUNG YUEN WONG Seeking Relief from Being Denied

19  Unfettered Access with Helen Wong came on regularly for hearing by the Court on

20  November 15, 2007  Objector SUNG YUEN WONG appeared by counsel Dennis

21  Palmieri, Temporary Conservator EILEEN WONG appeared by counsel Lisa MacCarley

22  of the Law Office of Lisa MacCarley; and HELEN WONG ("HELEN"), Conservatee,

23  appeared by PVP Counsel Howard Myers

24      After hearing oral argument and on proof made to the satisfaction of the Court that

25  the motion ought to be denied,

26      IT IS ORDERED that the motion be, and hereby is, denied

27      The Court, however, further orders, Sua Sponte, that  SUNG YUEN WONG

28

                                            1
    ORDER DENYING MOTION SEEKING RELIEF FROM BEING DENIED UNFETTERED,
    FREQUENT, CONTINUING VISITATION HIS SPOUSE, HELEN WONG

RESTRICT 3.1

1

2   ("SY") shall be entitled to visitation with HELEN, outside of the facility of Flair Manor

3   no more than five (5) days per week, from the time after breakfast and washing that

4   HELEN can be dressed to leave (approximately 10:00 a.m.), and until one hour prior to

5   dinner (approximately 4.30 p m.), subject to the following conditions:

6       For the first three (3) weeks of such visitation, there shall be present AT ALL

7   TIMES with SY and HELEN, a non-skilled nursing assistant (the "CARE GIVER")

8   during the times of such visitation to help with transportation, transferring, monitoring

9   blood sugar and lunch preparation and for such other needs as are required

10      The name, address and telephone numbers, including but not limited to the cell

11  phone number, of the CARE GIVER will be provided to EILEEN and PVP Counsel,

12  HOWARD MYERS, upon request.  The Court shall be the ultimate authority to hire and

13  fire any CARE GIVER upon motion to the Court   The CARE GIVER will provide

14  EILBEN with evidence of any certificate or license which have been issued to him or her

15  pertaining to health care services, evidence that he or she has completed CPR and/or

16  Emergency Response Training, and evidence that he or she is qualified to do blood

17  pressure and blood sugar readings

18      In addition, for all visits to the family residence at 5200 Topeka Drive, Tarzana,

19  California, 91356, (hereinafter, the "WONG Residence") the following is ordered by the

20  Court

21      1       The WONG residence shall have working climate control (air conditioning,

22  and heating units in place) at all times

23      2.      A security fence shall be installed around the swimming pool prior to any

24  visits by HELEN to the WONG residence

25      3.      The WONG residence shall be maintained in a clean and sanitary condition.

26  SY shall allow access and entry by EILEEN and MR. MYERS, upon reasonable notice,

27  for the purpose of inspecting and reviewing the condition of the WONG residence

28      4       Transportation for HELEN will be provided by the CARE GIVER and/or a

2

**ORDER DENYING MOTION SEEKING RELIEF FROM BEING DENIED UNFETTERED,**
**FREQUENT, CONTINUING VISITATION HIS SPOUSE, HELEN WONG**

R      3.2

1    professional medical transportation company, SY is NOT to drive HELEN. The CARE

2    GIVER will provide EILEEN with a copy of her driver's license, a print out of his or her

3    driving record as provided by the DMV and evidence of insurance for the motor vehicle

4    that HELEN will be transported in.

5         5.     CARE GIVER duties to include, but not be limited to

6         a     Take blood sugar and blood pressure before lunch and record in written

7    initialed log,

8         b.     If any meals are prepared at the Wong residences, the CARE GIVER shall

9    cook and provide a nutritious lunch and snack for HELEN at 3 p.m. according to

10   guidelines provided by EILEEN. The meals (what was served, what was eaten) will also

11   be recorded. If meals are eaten at restaurants, the CARE GIVER will also maintain a

12   record of what was eaten.

13        c.     Proper wheelchair transfers, as needed;

14        d.     Daily physical and occupational therapy exercises which are equivalent to

15   what has been provided at Flair Manor. The CARE GIVER SHALL NOT increase nor

16   decrease the amount of physical therapy to HELEN. The CARE GIVER SHALL NOT

17   incorporated physical therapy suggested by SY or any other person

18        6     Every reasonable effort will be made to accommodate visitation, as set forth

19   above, however, HELEN's medical and other necessary appointments shall take

20   precedence.

21        7     The CARE GIVER will provide a written report to EILEEN, MR MYERS

22   and to Counsel for MR. WONG after three (3) weeks as to her observations of the ability

23   of SY to provide the same level of care as the CARE GIVER is providing to HELEN.

24   The written report shall be filed with the Court.

25        8     The parties will re-evaluate the necessity of a CARE GIVER to accompany

26   SY and HELEN during visitations outside of FLAIR MANOR after three weeks. Each

27   party shall file a written report and any objection to the CARE GIVER's report with the

28   Court

3

**ORDER DENYING MOTION SEEKING RELIEF FROM BEING DENIED UNFETTERED,
FREQUENT, CONTINUING VISITATION HIS SPOUSE, HELEN WONG**

01/22/2008

R          3.3

9.   If EILEEN and/or MR MYERS determines that the visits at the WONG Residence are detrimental to HELEN, and/or SY and/or the CARE GIVER have failed to comply with the terms of this Order, the visits shall be terminated and written notice given to SY and his counsel as to the reason for the termination of the visits as soon as it is reasonably possible and the notice will be filed with the Court.

IT IS FURTHER ORDERED, by oral motion of DENNIS PALMIERI, ESQ., that the evidentiary hearing on the Petition for Appointment of Probate Conservator is hereby continued from November 6, 2007 to MAY 13, 2008 (NOT January 29, 2008 as previously ordered), at 1:30 p.m., in Dept. NW"A" of the above-entitled Court, located at 6230 Sylmar Avenue, Van Nuys, California 91401. All discovery, including the discovery cut-off date, shall be based on the new trial date

IT IS FURTHER ORDERED that the Letters of Temporary Conservatorship issued to Temporary Conservator EILEEN WONG are hereby extended to MAY 12, 2008

IT IS FURTHER ORDERED that all other Orders previously made and entered by the Court shall remain in full force and effect, including, but not limited to, the Court's Order of July 20, 2007 ordering Objector SUNG YUEN WONG to pay the sum of $5,000 00 per month to Temporary Conservator EILEEN WONG for the care and maintenance of the Conservatee HELEN WONG beginning November 1, 2007 and continuing thereafter until further order of the Court

**Approved as to Form and Content:**

HOWARD MYERS, PVP

(NO RESPONSE)

DENNIS PALMIERI, ESQ
Counsel for SUNG YUEN WONG

JAN 2 2 2008

THE HONORABLE MICHAEL R HOFF,
Judge of the Superior Court

---

ORDER DENYING MOTION SEEKING RELIEF FROM BEING DENIED UNFETTERED, FREQUENT, CONTINUING VISITATION HIS SPOUSE, HELEN WONG

01/22/2008

R     3.4

*DAVE 818-456-6527 CALL DAVE*
*IF ANY EMERGENCY*

*CANNOT BE LEFT*
*ALONE AT ANY TIME WITH DR WONG*

**VISITATION POLICY**

To ensure the health and safety of Helen, monitored visits with Dr. Wong will be performed by a licensed and insured caregiver. Dr. Wong must demonstrate appropriate behavior toward Helen, the caregiver, and must abide by the terms of this policy.

CONDITIONS:

The following conditions of visitation may be revised by the conservator, based on feedback from the care provider and care facility as visitations progress:

1. The caregiver may cancel a home visit if, upon arrival, the house is not deemed to be clean, safe, and have adequate climate control. Alternately, the caregiver can change the venue to an outside location, such as a senior center, park, or restaurant.

2. Any meals for Helen outside of a restaurant will be prepared by the caregiver, using food purchased by the caregiver. Any food offered to Helen from others must be checked by the caregiver for freshness and appropriateness for Helen's medical conditions.

3. Because of Dr. Wong's previous physical threats and continued verbal harrassment of Helen, the caregiver must not leave Helen alone with Dr. Wong, i.e., no closed door visits between the two.

4. Visits will end immediately if Helen starts to become irritated, upset, or despondent for any reason, or if Dr. Wong creates a generally hostile and negative atmosphere.

5. The caregiver must not reveal where Helen currently resides. Helen must not be prevented from leaving any location with the caregiver, or be followed to discover where she currently resides.

6. Only a driver approved by the conservator can drive Helen anywhere.

7. There can be no medical, physical, or mental evaluation of Helen conducted by Dr. Wong or anyone hired by him, nor concurrent visits arranged by Dr. Wong with anyone not approved by the conservator.

8. The caregiver must carry copies of the conservator letters, court order of appointment, and this visitation policy, to present to authorities in the event of an emergency.

*Eileen Wong*

Eileen Wong
Conservator of Helen Wong

cc: Lisa MacCarley

*DIVERT ATTENTION ELSEWHERE*

*ATTORNEY LISA MACCARLEY*
*CELL 903 5472*
*OFFICE 818-249-1200*

*RESTR 4*

Office of
# JEFFREY SIEGEL
Guardianships, Conservatorships
Decedent Estates, Investment Counseling
Accounting Services, Property Management

3345 Wilshire Blvd., #601
Los Angeles, California 90010
Tel: (213) 386-7777
Fax: (213) 386-0838

P.O. Box 761398
Los Angeles, California 90076

September 30, 2008

Noble Williams
In Gentle Hands
18831 Topham St.
Tarzana, CA 91335

Re:  Helen Wong

Dear Mr. Williams:

Sy Wong is not allowed to take his wife out of your facility unless they are accompanied by an appropriate attendant or family member.  The Judge has not ruled yet as to who will be the permanent Conservator of Helen Wong's Person.  Until that time, Mr. Wong must abide by these rules.  If you need to call the Police, feel free to do so.

Sincerely:

Jeffrey Siegel
Temporary Conservator of the Person

CC:  Mary Apanius, Esq. (818)789-0947
       Howard D. Meyers, Esq. (818)990-6140

Via:  Fax(818)578-5543

RECEIVED BY NOBLE WILLIAMS OCT. 2, 2008
BUT WILL NOT SHOW ME OR TELL ME CONTENTS
RESTR 5



PHONE: (818) 374-7611
FAX: (818) 374-7666
TDD: (818) 705-1566
www.lapdonline.org
www.joinlapd.com

## LOS ANGELES POLICE DEPARTMENT
### WEST VALLEY AREA
### WEST VALLEY PATROL DIVISION

BY: MARANILLA # 36684
GUZMAN # 37080

19020 VANOWEN STREET
RESEDA, CA 91335

JOIN THE LAPD  (866)444-LAPD   RECRUITMENT HOTLINE

DATE 02-01-08   TIME 1720   INC NO. 3301

415 MAN

NO EVID OF CRIME

DISPUTE OVER WIFE AT

ASSISTED LIVING FACILITY

DISPUTE OVER WIFE WANTING

If you wish to comment on the level of service you received, please contact a
Department supervisor or telephone 800-339-6868, or TDD # 213-485-3604

TO GO HOME.

EX G 1

DATE 9/30/08   TIME 8:35   INC NO 0837

RADIO CALL TO BOARD & CARE
FACILITY. SUBJECT/HUSBAND STAX-YEN
TOOK WIFE HELEN WONG OUT OF
FACILITY AGAINST CONSERVATORSHIP'S
WISHES

If you wish to comment on the level of service you received, please contact a
Department supervisor or telephone 800-339-6868, or TDD # 213-485-3604.

NEEDS RESTRAI

DATE 9/30/08   TIME 145   INC NO.

ASK VAN NUYS COURT
ABOUT OBTAINING
RESTRAINING ORDER

If you wish to comment on the level of service you received, please contact a
Department supervisor or telephone 800-339-6868, or TDD # 213-485-3604.

DATE 10-02-08   TIME 2310   INC NO 4023
INQUIRE OF CONSERVATORSHIP
ALL PARTIES UNABLE TO PROVIDE
LEGAL DOCUMENTATION
R/A CALLED FOR SUBJECT WHO NEEDS
IMMEDIATE CARE AND HAS NOT TAKEN
MEDICATION, CONSERVATOR UNABLE TO PERFORM

If you wish to comment on the level of service you received, please contact a
Department supervisor or telephone 800-339-6868, or TDD # 213-485-3604.

SUBJ TRANSP TO HOSPITAL

---

PHONE: (818) 374-7611
FAX: (818) 374-7666
TDD: (818) 705-1566
www.lapdonline.org
www.joinlapd.com

**LOS ANGELES POLICE DEPARTMENT**
WEST VALLEY AREA
WEST VALLEY PATROL DIVISION

M HEINZMAN 38496
BY: S BROWN 36253

19020 VANOWEN STREET
RESEDA, CA 91335

JOIN THE LAPD   (866)444-LAPD   RECRUITMENT HOTLINE

---

PHONE: (818) 374-7611
FAX: (818) 374-7666
TDD: (818) 705-1566
www.lapdonline.org
www.joinlapd.com

10A65

**LOS ANGELES POLICE DEPARTMENT**
WEST VALLEY AREA
WEST VALLEY PATROL DIVISION

VARGAS-34999
BY: BELL-35248

19020 VANOWEN STREET
RESEDA, CA 91335

JOIN THE LAPD   (866)444-LAPD   RECRUITMENT HOTLINE

---

PHONE: (818) 374-7611
FAX: (818) 374-7666
TDD: (818) 705-1566
www.lapdonline.org
www.joinlapd.com

**LOS ANGELES POLICE DEPARTMENT**
WEST VALLEY AREA
WEST VALLEY PATROL DIVISION

35960      39281      10A67
BY: Brown  Johnson   SGT ELLMAN

19020 VANOWEN STREET
RESEDA, CA 91335

JOIN THE LAPD   (866)444-LAPD   RECRUITMENT HOTLINE

---

EX G2

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Sung-Yuen Wong &
HELEN WONG
PLAINTIFF(S),

v.

DANA HOPKINS

DEFENDANT(S).

CASE NUMBER

**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of ___NOT___, State of California, and not a party to the above-entitled cause. On _Oct 1_, 20_10_, I served a true copy of _2 copies MINUTE MOTION FOR RULING_ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: _TARZANA CA_
Executed on _Oct 1_, 20_10_ at _LOS ANGELES_, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_Sung Yuen Wong_
*Signature of Person Making Service*

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____
*Signature*

_____
*Party Served*