UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUNG-YUEN WONG,                    )    CV 10-03673 SVW (JEM)
                                   )
                Plaintiff,         )    ORDER DISMISSING PLAINTIFF'S
                                   )    AMENDED MOTION FOR RULINGS [5]
         v.                        )
                                   )    JS-6
RICHARD ROE et al.,                )
                                   )
                Defendant.         )
_____   )

I.    BACKGROUND

     Plaintiff Sung-Yuen Wong is a pro se plaintiff challenging the
conservatorship placed on his wife, Helen Wong, a stroke victim.   In
his original complaint, filed May 14, 2010, against Richard Roe and
Jane Roe, Plaintiff (1) challenged the authority of the California
Superior Court to appoint a conservator for Helen; (2) asked for an
injunction against Howard Myers, Helen's court-appointed conservator,
preventing him from representing her; (3) requested that the Court rule
the case was non-frivolous and unsanctionable so that the attorney that
represented him in the state proceedings could represent him; (4) asked
this Court to end his wife's conservatorship and confinement in a
nursing facility; and (5) asked that the FBI and U.S. Attorney

1  investigate damages caused by the conservatorship.

2      In its September 17, 2010 Order [Doc. No.  4], this Court ordered
3  Plaintiff to show cause, by October 1, 2010, why the case should not be
4  dismissed for lack of prosecution due to improper service under Fed. R.
5  Civ. P. 4(m).  Fed. R. Civ. P. 4(m) requires that plaintiffs serve the
6  summons and complaint upon all defendants within 120 days after filing
7  the complaint.  Plaintiff replied to that Order on October 1, 2010 by
8  providing an Amended Motion for Rulings along with proof of service by
9  mail, signed by the Plaintiff, addressed to "Dana Hopkins."

10     In the Amended Motion for Rulings, which names Dennis Hopkins as
11 the defendant, Plaintiff makes a number of contentions.  Liberally
12 construed, it appears the Plaintiff (1) again challenges the California
13 Superior Court's jurisdiction to appoint a conservator; (2) requests an
14 injunction against Helen's conservator; (3) asserts that his wife's
15 conservatorship and confinement in the nursing home is violating his
16 and her constitutional rights, specifically asserting a right to pursue
17 happiness by remaining married; (4) asserts deprivation of civil rights
18 violations under color of law pursuant to 42 U.S.C. § 1983[1]; and (5)
19 requests that the court rule the case non-frivolous so Plaintiff's
20 attorney will represent him without fear of sanctions.

21

22 **II.  LACK OF SUBJECT MATTER JURISDICTION**

23 1.  Legal Standard

24     "This Court has the duty to consider subject matter jurisdiction
25 sua sponte in every case, whether the issue is raised by the parties or

26 _____

27 [1]Although Plaintiff does not explicitly allege which of his civil
   rights were violated, the Court infers he is implicating his asserted
28 right to pursue happiness by remaining married.

2

not." See Spencer Enterprises, Inc. v. United States , 345 F.3d 683, 687 (9th Cir. 2003).

Under the California Constitution (art. VI, § 10), superior courts have jurisdiction of all probate matters. Wood v. Roach, 125 Cal. App. 631, 634 (1932). California courts have recognized that a conservatorship is under the continuing jurisdiction of the court which appoints the conservator. Guardianship of Kemp, 43 Cal. App. 4th 3d 758, 761 (1974).

Appellate jurisdiction of state court judgments rests in the United States Supreme Court. 28 U.S.C. § 1257. The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine provides that a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court. Bianchi v. Rylaarsdam, 334 F.3d 895, 896 (2003), cert. denied, Bianchi v. Rylaarsdam, 540 U.S. 1213 (2004); see also Kougasianv. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) ("Rooker-Feldman . . . applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").

The Rooker-Feldman doctrine also applies where the parties do not directly contest the merits of a state-court decision but, instead, file an action that is a de facto appeal from a state court judgment. Reusser v. Wachovia Bank N.A., 525 F.3d 855, 859 (9th Cir. 2008). Such a de facto appeal exists where the claims raised in the federal court

action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.  Id.; Bianchi v. Rylaarsdam, 334 F.3d at 898.  A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.  Fontana Empire Center, LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002).  If a federal claim is inextricably intertwined with a state court's judgment, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

In considering whether a plaintiff's constitutional claims are inextricably intertwined with the state court's denial of relief, the Ninth Circuit has held that the relevant inquiry is the relief sought by the federal-court plaintiff; Rooker-Feldman precludes adjudication where the only redress sought by the plaintiff is an undoing of the prior state-court judgment.  Bianchi, 334 F.3d at 900; see also Howlett v. Rose, 496 U.S. 356, 369-370, n. 16 (1990) (citing Rooker and Feldman for "the rule that a federal district court cannot entertain an original action alleging that a state court violated the Constitution by giving effect to an unconstitutional state statute").  Jurisdiction is appropriate only where the plaintiff is asserting a general constitutional challenge, not where plaintiffs ask federal courts to review the state court's denial of relief in a judicial proceeding, and request the same individual remedy denied in state court.  Id. at 898;

see also   Craig v. State Bar of California, 141 F.3d 1353, 1354-55 (9th Cir. 1998) (holding complaint did not raise a general challenge where the relief sought was individual in nature).  The Ninth Circuit has held that the Rooker-Feldman doctrine does not include an inquiry as to whether or not the state court fully and fairly adjudicated the constitutional claim.  If the alleged injury resulted from the state court judgement, the constitutional claims are considered inextricably intertwined, and thus still barred under Rooker-Feldman, even if the state court does not actually decide the constitutional claims. Bianchi, 334 F.3d at 900.

2.  Analysis

     Under the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction and must dismiss this case.  In both his original Complaint and his Amended Motion for Rulings, Plaintiff requests declaratory judgment nullifying various orders of the probate court, including the appointment of a conservator.  He seeks declaratory relief that the probate court erred by appointing a conservator with no conservatorship case on file.  Plaintiff also requests, in his original complaint, that an injunction be granted preventing anyone from acting as his wife's conservator and preventing the probate court from imposing any further conservatorship over his wife.  Adjudication of these claims would require this Court to "to review the state court's denial in a judicial proceeding...and to afford him the same individual remedy he was denied in state court." Bianchi, 334 F.3d at 898 (internal citations and quotations omitted).  As such, these are precisely the type of claims that the Rooker-Feldman doctrine

encompasses; therefore, this court lacks subject matter jurisdiction to consider them.

As to Plaintiff's 42 U.S.C. § 1983 and constitutional challenges regarding Plaintiff's asserted right to pursue happiness by remaining married, these claims are inextricably intertwined with the Superior Court's judgment.  As in <u>Bianchi</u>, Plaintiff seeks to have this Court "overrule the state decision and ...order relief in the state action." 334 F.3d at 899.  The injury alleged through these federal claims is a direct result of the state court's decision to place Plaintiff's wife under a conservatorship; the relief sought, ending the conservatorship, is a request for the same individual remedy denied in the state court. <u>Id.</u> at 898.  Therefore, Plaintiff's federal claims are inextricably intertwined with the state court's denial of relief.  Because the Superior Court has already made a judgment on issues inextricably intertwined with Plaintiff's federal claims, this Court lacks subject matter jurisdiction review this judgment.[2]  Therefore, the Plaintiff's

---

[2] Plaintiff, on page 5 of his Amended Motion for Rulings, alludes to possible ongoing litigation in the state court system.  To the extent these claims are the same as the federal claims asserted here, Younger abstention prevents this court from resolving them.  Younger abstention began as a prohibition on federal courts enjoining pending state criminal proceedings. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 49-53 (1971). Younger abstention has since been expanded to include civil proceedings. <u>See</u> <u>NOPSI v. Council of City of New Orleans</u>, 491 U.S. 350, 369-70 (1989).  Its purpose is to "avoid unnecessary conflict between state and federal governments." <u>United States v. Morros</u>, 268 F.3d 695, 707 (9th Cir. 2001).  Younger abstention may be raised sua sponte. <u>Columbia Basin Apartment Association v. City of Pasco</u>, 268 F.3d 791, 799 (9th Cir. 2001).  Younger abstention is appropriate if "the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." <u>Hirsh v. Justices of the Supreme Court of California</u>, 67 F.3d 708, 712 (9th Cir. 1995).  Abstention is appropriate where plaintiffs attempt to use federal court to challenge state probate court determinations.  <u>Snyder v. Altman</u>, 444 F. Supp. 1269,  1271 (C.D. Cal. 1978) ("The assertion of

federal claims should be dismissed WITH PREJUDICE for lack of subject matter jurisdiction.[3]

**IV.  CONCLUSION**

In light of the reasoning above, the Plaintiff's Amended Motion for Rulings is DISMISSED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  All remaining hearings are VACATED and this case is closed.

IT IS SO ORDERED.

DATED: October 26, 2010

_____

STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE

---

jurisdiction by this court to determine the rights of a conservatee vis-a-vis her probate court appointed conservator, when that state court has unlimited control over the conservator, would constitute the type of friction which Younger directs should be avoided.").

[3] Regardless of the aforementioned reasons for dismissal, Plaintiff has also failed to respond adequately to this Court's September 17, 2010 Order to show cause why the case should not be dismissed for lack of prosecution due to improper service under Fed. R. Civ. P. 4(m). Under Rule 4(c)(2) of the Federal Rules of Civil Procedure, service by mail may be accomplished only by a person who is not a party to the lawsuit.  Generally, "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (internal citations omitted).  In his Amended Motion for Rulings, Plaintiff noted only that "Defendant added and served per court order of September, 17, 2010" and attached a proof of service by mail which stated that the Plaintiff served Dana Hopkins two copies of the Amended Motion for Ruling by mail on October 1, 2010.  Plaintiff's mailing does not constitute proper service because Plaintiff himself served the documents.  The proof of service here is so deficient that it fails to satisfy this Court's Order.  In the alternative, Plaintiff's claims are dismissed for lack of prosecution.